IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01558-GPG

ROBERT PERRETEN,

    Plaintiff,

v.

MARK WINSLOW, Dr.,
SUPERVISOR DONNA, Kitchen Staff,
MARTHA DUFOUR, Crew Leader,
SONYA HANKINS, R.N. and H.S.A.,
LUCIA A. AZOCAR, L.P.N.,
ROY MCMILLAN, L.P.N.,
JOANN HARRIS, R.N.,
HUNT, Deputy,
RON WAITE, Nurse Practitioner,
SUPERVISOR TARA,
DAVID WALCHER, Sheriff,
DAVID JONES, Dr., and
COUNTY OF ARAPAHOE,

    Defendants.

ORDER DENYING MOTIONS TO TRANSFER VENUE
AND OVERRULING OBJECTION

Plaintiff, Robert Perreten, is detained at the Arapahoe County Detention Facility, in Centennial, Colorado. Mr. Perreten has filed, *pro se*, a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On September 1, 2016, Mr. Perreten filed a "Motion to Have Case Number 16-cv-01558 Changed to Another Venue" (ECF No. 10) and a "Motion to Stop any Decisions Made in this Case" (ECF No. 11). Plaintiff requests a change of venue based

1

on his belief that the undersigned, as well as Magistrate Judges Michael E. Hegarty and Judge Gordon P. Gallagher, are biased against him.1   The same day Mr. Perreten filed a "Motion to Have Magistrate Judge Gallagher Recuse Himself" (ECF No. 12), in which he alleges that an order Judge Gallagher issued in this case conflicts with the dismissal order entered in Case No. 16-cv-01107-LTB.   The motion for recusal contained in ECF No. 12 has been addressed by Magistrate Judge Gallagher in a separate order.   (ECF No. 14). In this Order, the Court construes ECF No. 12 liberally, and in part, as an objection to Magistrate Judge Gallagher's August 10, 2016 Order entered in this case.

**I.   Mr. Perreten's Civil Suits**

Mr. Perreten has filed three civil actions in this Court that are relevant to his motion to transfer venue and objection to the August 10, 2016 Order: Case No. 15-cv-02604-MEH, Case No. 16-cv-01107-LTB, and the present action.

In Civil Action No. 15-cv-02604-MEH, Mr. Perreten filed a § 1983 Prisoner Complaint against, *inter alia*, Ron Waite, Correct Care Solutions, Mark Winslow, and David Jones, for violation of his Eighth Amendment right to receive adequate medical care.   Following initial review of the Prisoner Complaint under D.C.COLO.L.Civ.R 8.1(b), I dismissed the Eighth Amendment claims against Correct Care Solutions (and any claim asserted against Arapahoe County) because Plaintiff failed to allege facts to state an arguable claim for relief against either Defendant.   (*See* No. 15-cv-02604-MEH, ECF No. 12, at 3-4).   The Eighth Amendment claims against Defendants Waite, Winslow and Jones were drawn to Magistrate Judge Michael E. Hegarty and the parties consented to

---

1 In the Motion filed as ECF No. 11, Mr. Perreten also asked that Magistrate Judge Gallagher recuse himself from this case.   The request for recusal was addressed in a separate order, ECF No. 14.

2

disposition of the case by a Magistrate Judge.   (*Id.* at 4-5; ECF No. 20, 45, 46). Magistrate Judge Hegarty thereafter granted the Defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).   (*Id.*, ECF No. 57).   Magistrate Judge Hegarty determined that Mr. Perreten's factual allegations failed to state a plausible claim that Defendant Waite, Winslow or Jones acted with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.   (*Id.* at 11-14).   The action was dismissed and judgment entered on August 3, 2016.   (*Id.*, ECF No. 58).

In Case No. 16-cv-01107-LTB, Mr. Perreten filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 claiming that he was denied the ability to accrue earned and good time credits after he was terminated from his prison job because of a medical condition.   The Court construed this claim liberally as asserting a deprivation of Plaintiff's Fourteenth Amendment due process rights.   In a June 16, 2016 Order, the Court dismissed the due process claim because Mr. Perreten does not have a constitutionally protected liberty interest in earning credits which are awarded discretionarily under Colorado law.   (*See* Civil Action No. 16-cv-01107-LTB, ECF No. 15, at 4-6).   *See also Fogle v. Pierson,* 435 F.3d 1252, 1262 (10th Cir. 2006); *Anderson v. Cunningham*, No. 08–1349, 319 F. Appx. 706, 710 (10th Cir. March 30, 2009) (unpublished).   In addition, the Court concluded that Mr. Perreten's Eighth Amendment claims challenging the denial of medical care and the violation of his medical restrictions were not properly asserted in a habeas corpus proceeding, and dismissed those claims without prejudice so that Plaintiff could pursue them in a separate civil rights action.   (*Id.* at 6-7).   *See also Standifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011) (habeas

petitioner's claim that prison officials acted with deliberate indifference to his serious medical needs must be raised in a civil rights suit under 42 U.S.C. § 1983).  In the dismissal order, the Court also reminded Mr. Perreten that he may not assert any Eighth Amendment claims in a new civil rights case that duplicate those asserted against Defendants Waite, Winslow and Jones in Civil Action No. 15-cv-02604-MEH.  *See McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir.1997) (affirming dismissal of duplicative suit as frivolous).

In the present action, filed on June 20, 2016, Mr. Perreten asserts § 1983 claims against several Defendants, including Defendants Waite, Winslow and Jones, for denial of adequate medical care and deliberate indifference to his medical restrictions.

On August 10, 2016, Magistrate Judge Gallagher issued an Order to Show Cause and Directing Plaintiff to File an Amended Complaint.  (ECF No. 9).  In the August 10 Order, Magistrate Judge Gallagher observed that several of Mr. Perreten's claims appeared to be barred by the two-year limitations period applicable to § 1983 actions. (*Id.* at 5).  Consequently, Mr. Perreten was directed to show cause why claims based on conduct that occurred in April 2014 should not be dismissed as time-barred. (*Id.*). Magistrate Judge Gallagher further informed Plaintiff that his alleged Eighth Amendment claims were premised on vague and conclusory allegations and failed to state an arguable claim against each Defendant for personally participating in a deprivation of Plaintiff's Eighth Amendment rights.  (*Id.* at 6-8).  And, finally, Magistrate Judge Gallagher reminded Plaintiff that he did not have a constitutionally protected liberty interest in receiving earned and good time credits that are awarded discretionarily under

Colorado law.  (*Id.* at 8-9).   At the conclusion of the August 10 Order, Magistrate Judge Gallagher stated:

> In sum, Mr. Perreten will be afforded an opportunity to file an Amended Complaint that states an arguable claim for relief against each named Defendant (based on conduct that occurred after June 20, 2014), for deprivation of Plaintiff's constitutional rights. Plaintiff may not assert any claims in the Amended Complaint against Defendants Ron Waite, Mark Winslow and David Jones that were asserted in Case No. 15-cv-02604-MEH, which was dismissed on August 3, 2016, for failure to state a claim for relief. (See No. 15-cv-02604-MEH, at ECF Nos. 57, 58). Further, the Amended Prisoner Complaint may not exceed 30 pages.

(*Id.* at 9).

## II.     Request for Transfer and Allegations of Judicial Bias

Mr. Perreten requests that this action be transferred to a different venue because he believed that the undersigned, as well as Magistrate Judges Hegarty and Gallagher, are biased against him.   In a separate order, Magistrate Judge Gallagher has denied Plaintiff's motions for recusal based on judicial bias.   (*See* ECF No. 14).

Under the general venue statute, 28 U.S.C. § 1391(b), venue is proper in a judicial district where the defendants reside, where a substantial part of the events or omissions giving rise to the claims occurred, or, if there is no district in which the action may otherwise be brought, in a district where the defendants are subject to personal jurisdiction.   The change of venue provision, at 28 U.S.C. § 1404(a), states, *inter alia*, that the Court may, in the interest of justice, transfer an action to any other district court where the action might have been brought, or to any district to which all parties have consented.   Under 28 U.S.C. § 1404(b), a civil action may be transferred from the division in which it is pending to any other division in the same district upon motion,

stipulation or consent of the parties.

In this case, the Defendants reside in Colorado and the events or omissions giving rise to Plaintiff's claims occurred in Colorado.   Mr. Perreten fails to show that venue is proper in any jurisdiction other than the District of Colorado.   In addition, the Defendants have not yet been served in this action and have not consented to transfer venue to another district or to another division within the District of Colorado.   Consequently, the request for a change of venue is not authorized by federal statute.

Furthermore, the sole basis for Mr. Perreten's request to transfer venue is his belief that three judges in the District of Colorado are biased against him due to adverse rulings entered in Case Nos. 15-cv-02604-MEH and 16-cv-01107-LTB, and an order to show cause and to amend issued in the present case.   However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) ("Unfavorable judicial rulings . . . are insufficient grounds for recusal.").

The motions to transfer venue will be denied.

## III.     Objection to Order to Show Cause and to File Amended Complaint

The Court construes Mr. Perreten's *pro se* Motion (ECF No. 12) liberally, and in part, as an objection to Magistrate Judge Gallagher's August 10, 2016 Order Directing Plaintiff to Show Cause and to File an Amended Complaint. (ECF No. 9).

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law. See also Fed. R. Civ. P. 72(a). Upon review of the file, the Court finds that Magistrate Judge Gallagher's August 10 Order is not clearly erroneous or contrary to law.

Mr. Perreten has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 8). Pursuant to the local rules of this court and federal statute, the Court must dismiss any asserted claims that are frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); D.C.COLO.L.CivR 8.1(b). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Accordingly, Magistrate Judge Gallagher has properly reviewed the Prisoner Complaint to determine whether it is frivolous, and has afforded Mr. Perreten an opportunity to show cause why his claims based on conduct occurring two years prior to the initiation of this action should not be dismissed as time-barred, and to amend his pleading to assert an arguable Eighth Amendment claim against each named Defendant.

Magistrate Judge Gallagher's warnings to Plaintiff in the August 10 Order that he may not pursue a Fourteenth Amendment due process claim based on a denial of the opportunity to accrue earned and good time credits, or assert claims in the Amended Prisoner Complaint against Defendants Waite, Winslow and Jones that were raised in his prior case (Case No. 15-cv-02604-MEH), are consistent with the dismissal order entered in 16-cv-01107-LTB.

And, although Mr. Perreten was informed in the dismissal order entered in No. 16-cv-01107 that he was free to file a civil rights action to assert his Eighth Amendment

claims, the Court did not pass on the merits of those claims or address the issue of the applicable statute of limitations. Generally, a pro se litigant is responsible for determining whether his constitutional claims are timely before initiating a § 1983 action. *See McCoy v. Damron*, No. 01-6030, 9 F. App'x 994, (10th Cir. June 7, 2001) (unpublished) ((recognizing in a § 1983 action that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (quoting *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (internal citation omitted); *United States v. Kubrick,* 444 U.S. 111, 123 (1979) ("A plaintiff . . . , armed with the facts about the harm done to him, can protect himself by seeking advice.").

Mr. Perreten's objection to the August 10, 2016 Order will be overruled. Accordingly, it is

ORDERED that the "Motion to Have Case Number 16-cv-01558 Changed to Another Venue" (ECF No. 10) and "Motion to Stop any Decisions Made in this Case" (ECF No. 11) (to the extent the motion requests a change in venue) are DENIED. It is

FURTHER ORDERED that the "Motion to Have Magistrate Judge Gallagher Recuse Himself" (ECF No. 12), which the Court has construed liberally and in part as an objection to Magistrate Judge Gallagher's August 10, 2016 Order, pursuant to 28 U.S.C. § 636(b)(1)(A), is OVERRULED.

DATED September 9, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court